**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2975-17T3

U.S. BANK TRUST, N.A., as
trustee for LSF9 MASTER
PARTICIPATION TRUST,

     Plaintiff-Respondent,

v.

KONSTANTINE MITSEL,

     Defendant,

and

JENNIFER MITSEL,

     Defendant-Appellant.

_____

> Argued June 4, 2019 – Decided June 19, 2019
>
> Before Judges Gilson and Natali.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-050132-14.
>
> Elias L. Schneider argued the cause for appellant.

Nicole M. Savage argued the cause for respondent (Phelan, Hallinan, Diamond & Jones, PC, attorneys; Sonya Gidumal Chazin, on brief).

PER CURIAM

In this residential foreclosure action, defendant Jennifer Mitsel appeals from the February 26, 2018 final judgment of foreclosure.[1] We affirm.

On December 22, 2011, Konstantine Mitsel executed a $298,455.00 promissory note to Quicken Loans, Inc. (Quicken). As security for repayment, he and defendant executed a mortgage in the same amount to Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for Quicken.

Defendant defaulted on the loan by failing to make the monthly payment due on June 1, 2014, and thereafter. Consequently, on September 30, 2014, and in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, Quicken sent defendant a notice of intention to foreclose. On October 27, 2014, MERS assigned the mortgage to Quicken, who filed a foreclosure complaint on December 1, 2014.

On August 25, 2015, Quicken assigned the mortgage to the United States Department of Housing and Urban Development (HUD), who assigned the

---

[1] The February 26, 2018 order also named Konstantine Mitsel, defendant's former husband, as a defendant. He has not appealed from the court's order.

mortgage to plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank or plaintiff) a year later, on August 25, 2016.

Quicken filed a motion on September 22, 2016, to amend the complaint in accordance with Rule 4:34-3 to substitute U.S. Bank as plaintiff. Quicken supported its motion with a September 19, 2016 certification attesting to the assignments from Quicken to HUD and from HUD to U.S. Bank, and appended copies of those assignments to the certification. The court granted the motion on October 13, 2016, and entered default against defendant on January 20, 2017, as a result of her failure to answer the complaint.

On May 9, 2017, defendant moved to vacate the default, for summary judgment under Rule 4:46-2(c), and to dismiss the complaint pursuant to Rule 4:6-2(e).[2] Defendant maintained she was not served with a copy of the motion to substitute, and that she had a meritorious defense to the foreclosure action because plaintiff lacked standing to foreclose the mortgage. In addition, defendant asserted that the court lacked jurisdiction because the complaint as amended does not satisfy Rule 4:64-1(b)(10), which requires a plaintiff who "is

---

[2] At a June 9, 2017 hearing, the court noted that defendant's May 9, 2017 notice of motion did not expressly include a request to vacate the default, but upon defense counsel's oral application at the hearing, the court amended the motion to include that request.

A-2975-17T3

not the original mortgagee or original nominee mortgagee" to state in the foreclosure complaint "the names of the original mortgagee and a recital of all assignments in the chain of title . . . ." See R. 4:64-1(b)(10).

In its opposition, U.S. Bank argued that Rule 4:34-3 permitted it to prosecute the foreclosure by amending the name of the original plaintiff, and that it had standing to foreclose the mortgage pursuant to N.J.S.A. 12A:3-301[3] and N.J.S.A. 12A:3-205(b).[4]  In a June 14, 2017 order and accompanying statement of reasons, Judge Barry P. Sarkisian granted defendant's motion to vacate the default, but denied her motions for summary judgment and to dismiss. As to defendant's standing argument, the court concluded that plaintiff had "standing to foreclose . . . as it [was] the holder of the note pursuant to N.J.S.A. 12A:3-301."

---

[3] N.J.S.A. 12A:3-301 defines a "'[p]erson entitled to enforce' an instrument" as "the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to" N.J.S.A. 12A:3-309 or N.J.S.A. 12A:3-418(d).

[4] N.J.S.A. 12A:3-205(b) defines a "blank indorsement" as one that "is not a special indorsement," and provides that instruments bearing blank indorsements "may be negotiated by transfer of possession alone until specially indorsed."  In turn, N.J.S.A. 12A:3-205(a) provides that an indorsement that "identifies a person to whom [the instrument] is payable . . . is a 'special indorsement.'" Thus, a blank indorsement is one that does not identify the person to whom the instrument is payable.  N.J.S.A. 12A:3-205(a)-(b).

A-2975-17T3

With respect to defendant's jurisdictional argument, Judge Sarkisian acknowledged that defendant was "correct in stating that [Rule] 4:64-1(b)(10) requires a foreclosure complaint to . . . include a recital of all the assignment in the chain of title," but explained that Rule 4:34-3 permits a "foreclosure action to proceed in the name of the original plaintiff when there has been an assignment . . . after the filing of the complaint" and also "permits . . . [a] substituted [p]laintiff to continue the prosecution of the action."

Finally, the court denied defendant's motion to dismiss for plaintiff's failure to serve her with the motion to substitute. The court, relying on Rule 1:5-1, concluded service of the motion on defendant was not required because she originally failed to appear and the application did not assert any "new or additional claims for relief" against her. See Rule 1:5-1.

On November 9, 2017, defendant renewed her summary judgment motion, contending again that the complaint violated Rule 4:64-1(b)(10). Plaintiff opposed defendant's application and filed a cross-motion for summary judgment.

The court denied defendant's motion for the reasons stated in the court's June 14, 2017 statement of reasons, granted plaintiff's cross-motion, and returned the matter to the Office of Foreclosure as an uncontested matter. As to

plaintiff's application, the court concluded that plaintiff "established a prima facie right to foreclose" as U.S. Bank was "in possession of the [original] note and mortgage," and defendant was in default for failing to make the payments required by the mortgage documents.

On appeal, defendant raises the same jurisdictional arguments rejected by the trial court. Specifically, defendant claims that because U.S. Bank failed to amend the complaint to comply with Rule 4:64-1(b)(10) by specifically pleading the Quicken and HUD assignments, the court was divested of the jurisdiction it initially possessed when Quicken filed the complaint. Defendant also maintains that the court's October 13, 2016 order permitting U.S. Bank to substitute for Quicken did not cure the aforementioned defect. Finally, defendant argues, without any legal support, that "any requested relief should apply to [a] defaulted co-defendant." We are unpersuaded by these arguments and affirm substantially for the reasons expressed in Judge Sarkisian's November 17, 2017 and June 14, 2017 written decisions. We add the following brief comments.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if

any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Further, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). In Mitchell, we held that possession of the note or an assignment of the mortgage predating the original complaint conferred standing. Id. at 225.

Both in the trial court below, and before us, defendant has not challenged U.S. Bank's right to foreclose the mortgage. Indeed, defendant concedes that U.S. Bank "own[s]" the mortgage, and submits that she "has never challenged

the propriety of the assignment of the mortgage" to U.S. Bank and that she "is not challenging" plaintiff's "standing" or "right to file" a lawsuit. Further, defendant does not dispute that she signed the mortgage, defaulted on the payment, and has not paid the mortgage since June 2014.

We reject defendant's claim that U.S. Bank's failure to amend the complaint to recite the Quicken and HUD assignments in accordance with Rule 4:64-10(b) provides a valid defense to the foreclosure. Defendant's argument ignores the principle that foreclosure is a "discretionary remedy." See Brunswick Bank & Tr. v. Heln Mgmt. LLC, 453 N.J. Super. 324, 330 (App. Div. 2018). "Because the pursuit of that remedy summons the court's equity jurisdiction, the court may, through the imposition of flexible remedies, adjust the parties' rights, with regard to the facts, to achieve a fair and just result." Id. at 330-31. "[E]quity must be applied to plaintiffs as well as defendants" in foreclosure matters. Angeles, 428 N.J. Super. at 320.

As Judge Sarkisian explained, U.S. Bank was authorized to prosecute the complaint under Rule 4:34-3. Further, defendant did not dispute in the trial court, or before us, that in addition to possessing the original note, U.S. Bank received a valid assignment from HUD. "Because foreclosure proceedings seek primary or principal relief which is equitable in nature, a complaint in

foreclosure is properly cognizable in the General Equity part of the Chancery Division." U.S. ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 502 (2008); see R. 4:3-1(a)(1) (providing that "[a]ctions in which . . . the principal relief sought is equitable in nature . . . shall be filed and heard in the Chancery Division, General Equity"). Here, the complaint properly was filed and heard in the General Equity part of the Chancery Division in Hudson County, the county in which the mortgaged premises is situated.

In addition, the June 1, 2017 certification submitted by plaintiff in opposition to defendants May 9, 2017 summary judgment motion recited, and appended, all three assignments. Thus, as of June 2017, at the latest, defendant was in possession of all facts related to the chain of title. Accordingly, we discern no prejudice to defendant as a result of plaintiff's failure to strictly comply with Rule 4:64-1(b)(10) as she possessed all the information regarding the August 25, 2015 and August 25, 2016 assignments that she maintains U.S. Bank fatally omitted from the complaint.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9